UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY A ETZEL,

        Plaintiff,        CIVIL ACTION NO. 13-cv-11295

  vs.

                            DISTRICT JUDGE DENISE PAGE HOOD

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Shirley Etzel seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Remand (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 16). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.    RECOMMENDATION:**

The Court recommends that Plaintiff's Motion for Remand (docket no. 14) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 16) be GRANTED.

**II.    PROCEDURAL HISTORY:**

Plaintiff filed an application for Supplemental Security Income Benefits with a protective filing date of September 15, 2009, alleging that she had been disabled since July 2, 2007, due to back and neck pain caused by an automobile accident. (*See* docket no. 14 at 11; TR 17, 20.) The Social Security Administration denied benefits. (*See* TR 17.) Plaintiff requested a hearing and then waived her right to be present at that hearing. (TR 49-56, 72-73.) And in May 2010, Administrative Law Judge Ramona L. Fernandez found that Plaintiff was not disabled. (TR 49-56.)

At Plaintiff's request, the Appeals Council reviewed and vacated the ALJ's decision and remanded the matter for further proceedings. (TR 58-59.) On April 27, 2011, Plaintiff testified at a hearing before Administrative Law Judge (ALJ) Steven Neary, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 17-24.)

Following the ALJ's decision, Plaintiff submitted new evidence to the Appeals Council, including a report from one of Plaintiff's physicians dated June 16, 2011, and medical records related to a June 8, 2011 evaluation. (*See* docket no. 14 at 15.) The Appeals Council declined to review the ALJ's decision and found that the new evidence presented by Plaintiff related to a period that antedated the ALJ's review. (*Id.*) The Appeals Council also informed Plaintiff that she could file a new application, with a protected filing date of July 26, 2011, but that she must do so within 60 days. (*Id.*) The Appeals Council also returned the new evidence that she had proffered. (*Id.*) Plaintiff then filed her Complaint in the instant matter.

### III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT TESTIMONY

#### A. Plaintiff's Testimony

Plaintiff was 53 years old at the time of the administrative hearing and 49 years old at the

time of her alleged onset. (*See* TR 31.) Plaintiff testified that she had completed high school and that she had not worked for about 14 years. (TR 31.) At the time of the hearing, she lived with her husband, her 21-year-old son, and her 15-year-old daughter. (TR 31.) Plaintiff told the ALJ that she had not been working because she was "[t]aking care of [her] kids" but that she could not work at the time of the hearing because of arthritis in her back, which she stated was caused by a car accident in 2007. (TR 32.)

Plaintiff told the ALJ that her back hurt "all the time" and that it felt like a burning pain "going down [her] legs." (TR 34.) She added that doing "laundry and stuff" made the pain worse and that she could only walk half a block, stand for about a half hour, and sit for about a half hour. (TR 34-35.) When asked if she could lift things, Plaintiff initially testified that she did not have any problems, but when her cousin (who had accompanied Plaintiff to the hearing and later testified on her behalf) stated, "No she can't," Plaintiff responded with "No, I can't." (TR 35-36.) The ALJ repeated his question, at which time Plaintiff testified that she could not lift a gallon of mild because of pain in her arms and shoulders. (TR 36.) Plaintiff added that she had trouble reaching over her head. (TR 36.) She told the ALJ that she took Advil for her pain. (TR 33.)

With regard to her daily activities, Plaintiff testified that she did some "real light" housework and that her son helped her lift things. (TR 37.) She testified that she could dress and bathe herself but that she used a bath chair. (TR 37.) Her children also helped with cooking. (TR 37.) Plaintiff further testified that she drove her car to pick up her husband and her daughter and that while she would spend time with friends, she did so at her own home. (TR 38.)

**B.    Medical Record**

Defendant asserts that "[t]he ALJ adequately presented . . . the medical evidence in this case." (Docket no. 16 at 7.) And while Plaintiff sets forth a detailed account of her medical history,

3

such an account is unnecessary in light of Plaintiff's arguments in this matter. As discussed, *infra*, the sole substantive argument before this Court is whether this matter should be remanded to the ALJ for consideration of new evidence; that is, Plaintiff does not directly challenge the ALJ's decision in this matter. Thus, the only evidence material to the determination of this matter is provided in Plaintiff's Exhibits attached to her Motion (docket no. 14-1), which the undersigned will briefly discuss.

Following the ALJ's June 3, 2011 decision, on June 8, 2011, Plaintiff was seen by Dr. Paul Berkowitz at Nephrology Associates of Michigan. (Docket no. 14-1 at 5-7.) Following her visit, Dr. Berkowitz reported that Plaintiff suffered from Proteinuria, Chronic Kidney Disease Stage II (mild), Benign Essential Hypertension, "Diabetes Mellitus without Mention of Complication Type II or Unspecified Type Not Stated as Uncontrolled," and Malignant Neoplasm of the Ovary. (*Id.* at 4, 5.) And on June 16, 2011, Dr. Alexander Shalhoub at Michigan Pain Specialists issued a report in which he stated that he had previously seen Plaintiff and had arranged a course of treatment for her, including meeting with a Nephrologist, finding a family physician, and setting up a course of physical therapy. (*Id.* at 2.) Dr. Shalhoub noted that Plaintiff was "tolerating [her physical therapy] well," but that she "continue[d] to have back pain with occasional radiation to the right lower extremity, associated with some difficulty with activities of daily living." (*Id.*) Plaintiff appears to have told him that she took Tylenol for her pain, which she rated as a three on a ten-point scale. (*Id.*) Dr. Shalhoub also noted that an MRI revealed lumbar stenosis at L4/5 and Neurforaminal stenosis. (*Id.*) He opined that Plaintiff should "continue physical therapy and increase her activities of daily living." (*Id.* at 3.) He also stated that [s]he should continue with lifestyle modifications including exercise and diet" and that she should follow up with him on an as-needed basis. (*Id.*)

    **C.**    **The Vocational Expert**

The ALJ asked the VE to consider a hypothetical person of Plaintiff's age, education, and past work experience who was limited to light work in occupations that "do not require more than occasional climbing, balancing, stooping, kneeling, crouching or crawling," and that do not require overhead reaching or lifting. (TR 40-41.) The VE testified that such an individual could perform work as an inspector, a hand packager, or a folder of laundry products. (TR 41.)

The ALJ then asked the VE to assume that the individual was limited to lifting 10 pounds. (TR 41.) The VE testified that such an individual could still perform work as an inspector or a hand packager and also as a photocopy machine operator. (TR 42.)

Finally, the ALJ asked the VE to assume that the same individual had all of the limitations that Plaintiff presented in her testimony. (TR 43.) The VE testified that such an individual would be precluded from any jobs that existed in significant numbers in the national economy. (TR 43.)

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 15, 2009, and that she suffered from the following severe impairments: rotator cuff tendonitis, bilateral shoulders; history of pubic rami fracture with interval healing; osteoarthritis, bilateral hips; degenerative disc disease (lumbar spine at L3-4); and a history of multiple injuries (motor vehicle accident, July 2007). (TR 20.) The ALJ further found that although Plaintiff alleged breathing impairments, she had no "medically determinable" breathing impairments. (TR 20.) The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 20-21.) The ALJ further found that Plaintiff's allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff had the ability to perform light work except that she could only occasionally climb, balance, stoop, kneel, crawl, or crouch, and she should not reach or lift overhead. (TR 21-22.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff

5

was capable of performing a significant number of jobs in the national economy. (TR 23.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from September 15, 2009, through the date of the ALJ's decision. (TR 23-24.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can

go either way, without interference by the courts").

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)   Plaintiff was not presently engaged in substantial gainful employment; and

(2)   Plaintiff suffered from a severe impairment; and

(3)   the impairment met or was medically equal to a "listed impairment;" or

(4)   Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a

7

sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be remanded under sentence six for consideration of the new evidence presented to the Appeals Council.[1] (Docket no. 14 at 21-24.)

Under 20 C.F.R. § 404.970(b), "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." And where the Appeals Council declines

---

[1]Additionally, Plaintiff argues that this matter should be remanded "for further consideration of the collateral claims relating to the entitlement to SSI benefits based on income and advancing age." (Docket no. 14 at 24.) As Defendant asserts, however, these matters are not subject to review by the Court. (*See* docket no. 16 at 14.) Plaintiff's "collateral claims" arise out of her applications for SSI and Disability Insurance Benefits filed on March 18, 2013, and her assertions that the SSA District Office would not allow her to file a claim in the summer of 2011. (*See* docket no. 14 at 24-25.) It does not appear that Plaintiff has exhausted her administrative remedies with regard to these matters, and therefore, the Commissioner's decision is not considered "final," such that the Court has the jurisdiction to review the Commissioner's decision. *See* 20 C.F.R. § 416.1400. Plaintiff asserts that the Court should consider these matters "on the grounds of judicial and administrative efficiency and to expedite a final determination of . . . benefits," but Plaintiff provides no authority to suggest that the Court can ignore a statutory prerequisite to review on the grounds of efficiency.

to consider such evidence, the court may still remand the case to the ALJ to consider this additional evidence, but only upon a showing that the evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The party seeking remand has the burden of showing that it is warranted. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

"A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (citing *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)). "[F]or the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711 (citing *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)); *see also Cotton v. Sullivan*, 2 F.3d 692, (6th Cir. 1993). Further, evidence is only material if it relates to the plaintiff's condition before the ALJ's decision; evidence that the plaintiff's condition deteriorated or was aggravated is not relevant. *See Oliver v. Sec'y of Heatlh & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1996); *Sizemore*, 865 F.2d at 712.

Plaintiff asserts, and Defendant acknowledges, that the evidence Plaintiff presented is "new" and that good cause exists for Plaintiff's failure to provide the evidence to the ALJ; Plaintiff could not have provided the ALJ with her medical records from June 8, 2011, and June 16, 2011, before the ALJ issued his decision on June 3, 2011. Thus, Defendant asserts that the new evidence is not material. (Docket no. 16 at 11-13.) The undersigned agrees.

Plaintiff argues that the new evidence is materials because (1) "it supplements, but is completely consistent with, the medical record that otherwise stops on May 5, 2011," and (2) "it

provides two *alternative objective bases* for plaintiff's complaints of radiating pain and numbness – diabetic neuropathy and/or kidney disease." (Docket no. 14 at 23 (emphasis in original).) Plaintiff contends that this evidence (including her MRI, which shows evidence of lumbar stenosis at L4-5 and neuroforaminal stenosis) supports her claims that she cannot walk, stand, or lift, and therefore, she is limited to sedentary work. (*Id.* at 24.) But the ALJ's decision was not based on a lack of objective medical evidence in support of Plaintiff's claims. To the contrary, the ALJ acknowledged that Plaintiff had severe rotator cuff tendonitis, osteoarthritis in her hips, and degenerative disc disease in her lumbar spine. (TR 20.) Instead, the ALJ found that while Plaintiff's medically determinable impairments "could reasonably be expected to cause some of the alleged symptoms," he was not convinced that Plaintiff's statements regarding the intensity, persistence, and limiting effects of other symptoms were credible. (TR 22.) That is, the ALJ did not decide that Plaintiff had no medical impairments; he determined that her impairments did not prohibit her from walking standing, or lifting.

The undersigned agrees with Plaintiff that the new evidence is consistent with the evidence available to the ALJ. In that consistency, however, lies the fault in Plaintiff's argument. In his June 16, 2011, report, Dr. Shalhoub noted that Plaintiff was tolerating her physical therapy well, that the intensity of her pain was only a three on a ten-point scale, and that she treated with Tylenol. (Docket no. 14-1 at 2.) Moreover, he opined that she should "*increase* her activities of daily living" and exercise. (*Id.* at 3 (emphasis added).) And while Plaintiff's report from Dr. Berkowitz does show kidney disease and diabetes (*id.* at 5), Plaintiff does not provide any evidence to suggest that these impairments would cause any additional functional limitations. Thus, while the new evidence suggests that Plaintiff suffers from kidney disease and diabetes and that she has lumbar stenosis at L4-5 as well as disc disease at L3-4, Plaintiff has not shown that there is a reasonable probability

10

that the Defendant would have reached a different disposition of the disability claim if presented with the new evidence. To the contrary, much of the evidence provided supports the ALJ's decision.

## VI. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Remand (docket no. 14) should be DENIED and Defendant's Motion for Summary Judgment (docket no. 16) should be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 27, 2014         s/ Mona K. Majzoub

          MONA K. MAJZOUB
          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 27, 2014         s/ Lisa C. Bartlett
                                                  Case Manager